UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON  MAR 1 1 2008

MAR 1 1 2008

orignal

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No: 08C 0920

Bobby Lee Harrison
#2004-0072892 :
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

Judge Name Kennelly

Full name of the above the Plaintiff in this action

orignal

COUNTY of Cook, ILLINOIS, THOMAS DART, IN his individual and official Capacities as Sheriff of Cook County ILLINOIS,

SALVADOR GODINEZ, IN his individual and official Capacities as, Executive Director of the Cook County CORRECTIONS,

CHESTER PLAXICO, IN his individual and official Capacities as, Superintendent of the Divison Ten, & Divison Two.

above the
Full name of the Defendants in this action.

## BRIF
## CAUSES OF ACTION

The Plaintiff entered the Cook County Jail on September 7, 2004.

1

## BRIF CAUSES OF ACTION

Unconstitutional Lock-Down Unsanitary Living Conditions. Deprivation of THE Basis Human Needs. Substantial Risk of Serious Harm At The Cook County Corrections..........................................

(1). As I wrote in my complaint Case no: 08C-0920 I was transferred to divison One (1). in September 2006. In July, 2007 I was transferred to divison ten (10). Around February 2007 divison One (1) Medical psychiatric tiers were put on an official Lock-down 18 & 6. Where one side come out in the morning between 7:30 & 8:00 A.M. and locked back up around 1:00 or 1:30 P.M.

On February 14, 2007 the Superintendent Villevuneva, came on divison 1, 2-G tier and made annoucement. He said, the new Director Salvador Godinez, was trying something new, an official lock-down 18 & 6 Where, one side come out in the morning and the other side come out in the after-noon. Around a couple weeks later the Superintendent Vilevuera, came back to 2-G medical tier and made another announcement. He said, the lock-down were unconstitutional, that psychiatric patients doesn't supposed to be on lock-down. We was immediately taken off the lock-down.

Around June 20, 2007 we detainees on the psychiatric medical tiers were put back on the Illegal lock-down 18 & 6. We was transferred to divison 10 psychiatric medical tier 2 D Around July 13, 2007, and put right back on the illegal lock-down.

(2). The psychiatric patients uses milk cartons and plastic to help the flames to stay lits to cooks with and to heat their's coffee Ian with and other Comissary

The dark heavy Carbonmynoxide causing high temperature, excessive heat, smoke, dust and particles in the air usual resulted into headache, dizziness, weakness, shorter of brath and burning eyes. We are being force to be locked in this kind of envirament in our cells an average of 18 to 19 hours every day breathing the heavy Carbonmynoxide, in divison 1 when we was there. And treated the same way in divison 10. This is an on going abuse. The officials don't do nothing to prevent this kind of envirament. There, have been occasions when the Supervisors come on the tier when the detainees was cooking with Milk cartons in their cells. Some time the supervisor, well used a fire-exstinter to put out the flames, some resulted into destoryed personal property. My Legal papers was destoryed by an fire-exstinter when my celley was cooking with milk cartons in the room.

(3). Plaintiff filed numberous grievances, appeals, wrote letters to the Administratore and wrote letters to other agencies outside the insitution prescribeding this type of deprivation misconduct of the staff, and unprofessional actions.

The plaintiff have not found no relief. Dispite the plaintiff serious requests, the County have ignored his attempt, been deliberately ignored.

2

(A) County of Cook, Thomas Dart, and Salvador Godinez. Violated the plaintiff 14th Amendment rights by placed a psychiatric patient on an official lock-down. The official lock-down it self is unconstitutional when it not authorized by psychiatrists staff.

(B) The County officials violated the plaintiff 14th Amendment when they act with deliberate indifference to the plaintiff condition, which exposes him to an risk of serious harm. See. Helling v. McKinney, 509 U.S. 25, 33 (1993).

(B). County of Cook, Thomas Dart, Salvador Godinez, and Chester Plaxico, act with deliberate indifferences when they ignore an obvious and serious danger. Famer v. Brennan, 511 U.S. 825, 835 (1994). Exposure to the Carbonmynoxide is worse than being in the cell with someone who smoke 4 packs of cigarettes a day, because the carbonmynoxide from the cartons and plastic release posion chemical in the air which caused serious headache, dizziness, weakness, shorter of brath, and burning watery eyes. We face a constant risk of contracting lungs diseases or cancer. Presents an unreasonable risk of serious harm. See: Reilly v. Grayson, 310 F.3d 519 (6th Cir. 2002).

(C)1. Cook County, Thomas Dart, Salvador Godinez, and Chester, refused to move the plaintiff after filed several grievances and appeals on November 30, 2007, December 31, and in January 2008. The plaintiff also wrote personal letters to the Sheriff on December, and on January 12, 2008 complained about the County Jail condition, and requested to be move to division 8, or some place where the detainees don't cooks in the cells, with milk cartons. The Superintendent Plaxico. Signed the requests. Thomas Dart, Salvador, Chester Plaxico, was aware of the plaintiff statue and did nothing to address the issues. This constitute a deliberate indifference and violates plaintiffs rights under the 14th Amendment to the U.S. Constitution as well as Article 1 Section 2 of the State Constitution of Illinois.

Constitutional Violations, Unsanitary Living Condition. Deprivation Of The Basis Human Needs. Substantial Risk Of Serious Harm At The Cook County Corrections.

(1). On August 15, 2007 I wrote a grievance on the office for abandoning the deck. Everyday the first & second shift officers locked the detainees in their cells and go on his or her lunch-brake for a hour and sometime even longer, leaving the deck unattended.

(2). I witness to numberous attempted suicides where detainees attempted to hang thereselves in their cells, with their sheets, or cout their wrist. If they had a celley he usually screamed for the officer. On some occasions the office hears, and sometime he don't hears. There have been incident where detainees been found dead in their cells

3

(6) The Cells is not equipped with a panic buttom to sommoning help in case an emergency. The officer never come on the Kat-walks at nights or the tier except for count time or to passed out the razors. The medical psychiatric tiers dosen't have a sit in nurse, or a sit in officer to monter the decks. I filed grievances & appeals against these issues

(7). On November 27, 2007, around 7.Am AM Mr. Otis Brown, 47 years old in Cell(2307), on the low-side had a Seizure while sleeping on the top bunk. He fell to the cement floor and busted his head, which resulted into serious injury to his four-head. His Celley Mr. Terrell Jones, and detainee Mr. Lovdell Roberson, next door screamed and yelled for around ten minutes for help. Officer Bulter, came to the scene, and attempted to called for emergency back-up, final nurse Jones, a paramedic, and a supervisor arrivered. Mr. Otis, have been lyning unconcious on the floor for appoximately 20 minutes. The staff seems to had difficulty renched the Ambulance Services. When the Ambulance services final arrivered. Mr. Otis, had been lyning on the floor for approximately 35 to 40 minutes, still unconcious and still bleeding from the head.

<u>This Type Of Deprivation Allegedly Cause Severe Psychiatric An Emotional Disturbance</u>

E. County Of Cook, Thomas Dart, Salvador Godinez, and Chester Plaxicg, have violated the plaintiffs fourteenth Amendment, has failed to institue Constitutionally adequate procedures to ensure that the plaintiff well-being and saftey is met. Unconstitutional acts that deprived plaintiffs of the process guaranteed to him by the fourteenth Amendment to the United States Constitution, and that Violated the Illinois Law.

f. The plainiff has repeatedly filed grievances an appeals pursuant to the CCDOC. grievance process complaining of the deprivation and unconstitutional acts. County of Cook, THOMAS DART, SALVADOR GODINEZ, and CHESTER PLAXICO. Violate the Plaintiff fourteenth Amendment when act with deliberate indifference to a Jail Condition that expose the plaintiff to an unreasonable risk of serious harm. The County know about the deprivation, the Superintendent plaxico, signed the requests, and plaintiff mail letters to the Sheriff Dart, explained the Violations. The Sheriff deliberate ignored the plaintiff serious requests. This constitute a deliberate indifference, and Violate the plaintiff Civil Rights under the fourteenth Amendment to the U.S. Constitution.

G. The fact is durning the 2007 the medical staffs, and the security staffs were expreiencing a budget cut. The health staffs and the security staffs is over worked undertrained and underqualified to aid in an emergency. Because of the staff shortages and lack of, of trained detainees are effectively denied access to evaluations, diaonosis, and treatment by qualified health care professionals, Such conditions endanger our health and well-being, make unnecessarry suffering. The mental health medical decks was in divison 1. now in divison 10 do not have a nurse or a officer, to sit and watched over the psychiatric patients, My opinon I find that these policies is improperly infringe upon detainees, fundamental rights of association. privacy, and liberty, which are protected by the first, ninth, and fourteenth Amendments The physical enviroment are grossly inadequate and Constitutionally impermissible. The lack of funding is no excuse for depriving detainees of their constitutional rights. Amount to deliberate indifference. Sae. Smith V Sullivan, 611 P.2d 1039, 1043-44 (5th Cir).

4.

# UNCONSTITUTIONAL DEPRIVATION & CONDITION OF CONFINEMENT

7. Plaintiff was in divison 1. for around a year and deprived of hot water. If you were the first one into the shower when the doors rolled it's a possibility, you may get a five minutes warm shower. Some of the detainees on the tier never took a shower. On some occasions some detainees tryed to force a detainee into the shower sometime resulted into a fight.

8. I filed numerous grievances & appeals. On 9/26/06 10/14/06 10/25/06. On 10/27/06. I filed a grievance requested, that the leaking sink be fix, or Appliance to wash our clothings, or laundry services. And to get more hygine supplies. On 11/2/06 the superintendent Villeuneva, response states: New washers and dryers will be installed, supplies will be delivered. The Appliances never was delivered

9. Plaintiff, on 3/11/07 filed a grievance states: Divison 1. tier is a medical deck, and it don't have any hot water in the shower or rooms, that 2-G is unsantiary for sick people. In March, 2007 I filed a grievance about the shower. On March 23/07 the superintendent response states: Inmates continues to wash cloths deprives the hot water, that cleaning supplies was issued to all tiers, then is power washed weekly. Only power washed one in 6 months. On 10/22/07 I filed a grievance it states: There no hot water or heat on the tier. On 2/27/07 I wrote a letter to the superintendent Villeuneva. 3/11/I wrote a letter to the sheriff. In January 2007 I spoke to inspector. Around February 2007 I spoke to Sargeant Taylor, and other officials.
I filed number grievances about the inadequate ventilation systems. In July 2007 I filed states: the ventilation systems are not provide adequate air inside the cell on the high side. On July & around 19 I spoke to superintendent Plaxico, when he came on the deck. No adequate measure yet have been taken.

10 Denial access to laundry. Since september 2006 plaintiff have been denied access to any type of appliances and supplies to do my whites with. For example divison 1. and divison 10 don't have an adequate sink, nor a table to do our laundry. We are force to wash our whites in the toilets or a sink where everyone base, and brath their teeth in. The sinks leaks and caused water to stand on the floor at all time. And if we make a clothline to hang our whites on, the officers would come in, tared down the lines and throwed our clothings on the floor.

11. Inadequte bedding is heavily stained. Matteress is old wored out, heavily stained without a cover. 2 sheets is issue. The sheets is exchanged every 3 to 4 weeks. Have resulted into contracted fungal infections, rash, rine worms, and sores. I been treated in the dispensary for these diseases.
Weekly supplies, one state bare of soap, one roll toilet paper, and state tooth pase a round every three weeks.

5

### Inadequate Clothing Exchange

12. In divison 1. and divison 10 detainees have been deprived of adequate clothing exchange Plaintiff usual change uniforms around every 3 to 4 weeks. I filed numerous grievances and appeals. Some of the grievances was taken on shake-down.
On 8/12/ I filed a grievance States: We are being deprived of personal hygiene and sanitary living conditions. The divison 10 Tier 20 has not changed clothings towels, and bedding articles since August 2, 2007 and is August 12, 2007, and we still have not changed these articles.
I filed a grievance on 9/19/07. On 10/30/07  9/23/06, and more.

### Inadequate Cell-houses

13. The divison 1. was built in 1929, and has fellen below the constitutional standard don't too much of anything work proper. Two detainees is placed into an inadequate cell the cell is around 35 to 40 square feet in space, and there no mirrors on the walls. The cells drity, unsanitary, and inadequate ventilation lighting systems.

⌐Answer brief of Appellees at 46-49, 55-59. In Battle v. Anderson, supra, we upheld the dist-¬
rict Court's conclusion that "it is incumbent on the incarcerating body to provide the individual with a healthy habilitative environment." 564 F.2d at 395. In affirming in Battle, we upheld the finding that 60 square feet of living space was the minimum amount of square footage which the Eight and Fourteenth Amendments require that a State provide an inmate. Id. at 395, 397, 403. A necessary corollary to this ruling is that a State must provide within such living space reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing). Id. at 394-95, 403; See also Bono v. Saxbe, 620 F.2d 609, 613 (7th Cir.) Hite v. Leeke, 564 F.2d 670, 674 (4th Cir.) Palmigiano v. Garrahy, supra, 443 F.Supp. at 979; Laaman v. Helgemoe, 437 F.Supp. 269, 308-04, 323 (D.N.H.) In short, a State must provide an inmate with shelter which does not cause his degeneration or threat-
⌊en his mental and physical well-being. _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ ⌋

### Defendents

Defendent Thomas Dart, is sheriff of Cook County. Dart, is responsible for Jail conditions an operations at the Corrections. Dart, is also a final policy maker for defendant Cook County.

Defendent Salvador Godinez, is Executive director of Cook County Correction. Godinez, is responsible for supervising the Corrections staff, maintaining detainees safety and security.

Defendant Chester Plaxico, is superintendent of the Cook County Corrections, Chester, is responsible for the overall operation of the Corrections.

These above defendants violated the plaintiff fourteenth Amendment rights when act with deliberate indifference to a Jail condition consisted of inadequate clothings exchange bedding, laundry services, water, supplies, Living space, hygienic, ventilation systems, lighting, plumbing. These denials caused threaten to plaintiff mental and physical well-being. Unconstitutional acts violated the plaintiff. violated fourteenth Amendment rights. The County was aware of these violations through the grievance administration board procedures. The County deliberately ignored. This constitute a deliberately indifference.             6.

(14) Defendants is aware of, but has deliberately disregarded and ignored, the excessive risk to plaintiff's health and life caused mental stress.

### Denial Outdoors Exercises

"H. From January 2007 until January 2008 the plaintiff only had access to outdoors exercises for around 8 to 9 times. The plaintiff filed several grievances & appeals complained to the officers, sargeants and Superintendent. Plaintiff filed grievance in June, July, September, August 2007. In September 2007 plaintiff complained about the denial outdoors exercises, and injuries he suffered - headaches, heardburn, leg cramps and back pain. Denial outdoors exercises threatened the health of an individual, which violate the detainees Fourteenth Amendment rights. Plaintif filed grievances through the administrative board procedure, which made the County of Cook Thomas Dart, Salvador Godinez, and Superintendent Chester plaxico aware of the deprivation, and the risk to the detainees health, and safety, but fail to respond reasonable to the risk, amount to deliberate indifference. See Supreme Court ruling in Farmer v. Brenman (1994).

Ten million dollars for compensatory damages, Two million dollars for punitive damages and Ten thousand dollars for nominal damages ———————————————— If this case is certified as a class-Action County of Cook, Thomas Dart, Salvador Godinez, and Chester Plaxico. In their individual and official capacities under rules 23(a) civil right case, and rules 23(B) for an injunction, requiring the above defendants to fixed the deprivation. For the detainees who are housing in divison 10 medical Tiers for now or in the future that may be incarcerated in divison 10 medical tiers. Seeking damages for the deprivations emotional, psychological and physical injuries. The defendants should be held liable for damages for the unconstitutional lock-down, abuse, unsanitary living conditions, deprivation that the plaintiff has suffered and continues to suffer, in their individual capacity jointly and severally.

If this case is not certified as a class, the plaintiff will sue individual, seeking compensatory damages for the amount of 250,000 dollars, punitive damages 150,000 Nominal damages 1,000 dollars, from the same above defendants, and the same capacities an court cost.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bobby Harrison, respectfully requests this Court award the above relief, and the following relief:

Declar that the and Omissions described herein violated plaint under the Constitution and the Laws of the United States.

(2). To issue a preliminary injunction requiring the County of Cook, Illinois, and Thomas Dart, in his individual and official capacities as sheriff of Cook County, Illinois, along with Salvador Godinez, in his indiviual and official capacities, as Executive Director of the Cook County Jail, and Chester Plaxico, in his individual and official capacities as Superintendent of the divison 10 & 2, the Cook County Jail To order these defendants to take the psychiatric patients off the unconstitutional lock-down in the divison 10 medical decks. To correct all the violations listed in paragranhs 1-14 and to fixed whatever correction needed to make the divison 10 psychiatric medical tiers safe and to meet the constitutional minimun requirement standards for psychiatric patients.

By signing this complaint, I certify that the fact stated in this complaint are true to the best of my knowledge information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court Signed __ day of March, 2008

Signature of plaintiff _____ Bobby Lee Harrington