# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0920 | **DATE** | June 17, 2008 |
| **CASE TITLE** | Bobby Lee Harrison (#2004-0072892) vs. County of Cook, Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety. Plaintiff's motion for appointment of counsel [#4] is denied at this time.

■ [For further details see text below.]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County and jail officials, have violated Plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, Plaintiff alleges illegal lockdowns, inadequate heating and ventilation, improper lighting, pest infestation, an unsanitary environment, incessant noise, inconsistent distribution of prescribed medications, a lack of hot water, denial of laundry services, exposure to second-hand smoke, and insufficient outdoor exercise, among other living conditions at the jail he finds intolerable.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments **(CONTINUED)**

mjm

**STATEMENT (continued)**

collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file does not satisfy basic pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's rambling, single-spaced, 25-page complaint is far too prolix to meet the "short and plain" requirement.

Plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint need not and should not list every aspect Plaintiff does not like about jail; rather, the amended complaint should limit itself to alleged violations of Plaintiff's constitutional rights.

In addition, the amended complaint must set forth only deprivations that Plaintiff has himself personally experienced. Alleged wrongs against other detainees that Plaintiff may have witnessed or heard about are irrelevant to this case. Plaintiff, an incarcerated non-lawyer, may not represent fellow detainees. *See, e.g., Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam).

It also appears that Plaintiff has misjoined claims regarding two different jail divisions. Although Plaintiff seems to be challenging the totality of the conditions of his confinement at the jail, his diffuse allegations about two different cellhouses would presumably implicate largely distinct groups of Defendants. Plaintiff must therefore file separate actions relating to his treatment in different jailhouses. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For the foregoing reasons, Plaintiff is granted thirty days in which to submit an amended complaint that is limited to: (1) matters of constitutional magnitude; (2) Plaintiff's own, personal claims and not those of other inmates; and (3) incidents that involve a core nucleus of facts in connection with a single jail division. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint. If Plaintiff cannot fit his claims into the space provided on the Court's amended complaint form, he must file a motion for leave to incorporate additional pages explaining why additional pages are necessary.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.
**(CONTINUED)**

**STATEMENT**

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, a frequent litigator, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motions for appointment of counsel are denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Finally, Plaintiff's motion for class certification is denied at this time. Under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The burden is on the party seeking class certification to establish each of these elements. *See, e.g., Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

At this stage of the proceedings, without a clearer understanding of Plaintiff's basic claims, the Court cannot determine whether class certification is appropriate, or whether Plaintiff's claims are encompassed by *Duran v. Brown*, Case No. 74 C 2949 (N.D. Ill.), a class action by pretrial detainees at the Cook County Jail already pending before Judge Kendall of this district. **(CONTINUED)**

**STATEMENT**

Another factor weighing against class certification is the adequacy of representation. The qualifications and experience of the person conducting the litigation is a consideration in class certification. *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986); *see also Jackson v. National Action Financial Services, Inc.*, 227 F.R.D. 284, 289 n. 6 (N.D. Ill. 2005) (Castillo, J.); *Mendez v. M.R.S. Associates*, No. 03 C 6753, 2004 WL 1745779, at *5 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.) Competent representation is crucial because a judgment rendered in a class action suit for injunctive relief is binding on all members of the class. *See, e.g., Pavone v. Aegis Lending Corp.,* No. 05 C 5129, 2006 WL 2536632, at *3 (N.D. Ill Aug. 31, 2006) (Aspen, J.).

Notwithstanding Plaintiff's significant litigation experience, because a layperson does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant. *See, e.g., Turner-EL v. Illinois Bd. of Educ.*, No. 93 C 4918, 1995 WL 506011, at *5 (N.D. Ill. Aug. 22, 1995) (Moran, J.)*; Lasley v. Godinez*, 833 F. Supp. 714, 715 n. 1 (N.D. Ill. 1993) (Aspen J.) (*pro se* prisoners could not adequately represent class of inmates). Given Plaintiff's *pro se* status, the Court concludes that it would be improper to certify a class in this case at this time. If, as the case develops, it appears that Plaintiff's claims have a substantial factual basis demonstrating potential legal merit, the Court will consider appointing counsel on Plaintiff's behalf. Whether to seek certification of a class at that time would be a decision for appointed counsel. For these reasons, Plaintiff's motion for class certification is denied, without prejudice.