( ORIGINAL )

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

BOBBY LEE HARRISON
    Plaintiff

VS

COUNTY OF COOK, ILLINOIS, et al.
    defendant

Judge name: Matthew F. Kennelly

Case No: 08 C 0920

MOTION FOR AN EXTENSION OF TIME

FILED

JUL 2 4 2008 MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The plaintiff Bobby Lee Harrison, pro se, move this Honorable Court for an extension of time. In support of his motion. Plaintiff states:

(1) for the last 2 months the (ARA MARK) Commissary has not had any ink pens available for purchase.

(2) Upon Information an belief (ARA MARK) is in the process of ending their Contract with the County is why they haven't restocked their Commissary with pens.

(3) Nevertheless, there's isn't any notice posted informing detainees of any temporary accommodations.

(4) Without pens I can not meet the July 17 deadline to Amended my Complaint. Pens is the only element that I will be able to use to Amended my Complaint. Pencils is Contraband and I have no experiencing with typing are Computers.

(5) The Plaintiff feel that he have an meritorious Claim and Can prove it if he is allowed the 30 days extension.

WHEREFORE: plaintiff prays that the Court will see the need for the 30 days extension and grant his Motion.

Notarized under and by 735 ILCS 5/1-109 under penalty of perjury this Tenth day of July 2008

Bobby Lee Harrison
    Signature

Bobby Lee Harrison
    Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

BOBBY LEE HARRISON
Plaintiff

AFFIDAVIT    Judge MATTHEW F. KENNELLY

County of Cook, Illinois, et al.
defendant

Case no. 08C0920

Being Duly sworn under oath Bobby Lee Harrison. 20040072892 Affiants herein witnessed that I Mail a motion for an extension of time Case number 08C0920 to the U.S. District Court for the Northern District of Illinois on July 10, 2008 from the Cook County Department of Corrections located at 26 & California Ave. Chicago, Illinois 60608. Thus that same legal Mail returned back to me on July 17, 2008 said on the label (postage due tour 3 return for postage stamps void when coated, covered, defaced or reused.)

I have included a copy of that envelope for proof. Thus I Also witnessed to 4 to 5 more incidents when Legal Mails addressed to the District Court 219 South Dearborn Street, Chicago Illinois 60604 returned back to me during the Month of June & July 2008. Which lead me to think that it may be an error in the Mails processing. Therefore, it's out of my control. Also upon information and belief the County may be interfering with the mails.

The Cook County have a new Commissary Contract with Keefe, and pens wasn't made available to me until July 17, 2008. Because of this unreasonable Restricted and the new evidence in my motion and Affidavit that this Court will take it in consideration (Exhibits entered as A-B-&C is evident to prove my allegations, which is attached to the back of this Affidavit)

(A) Detainees who do know how to types charged Commissary Items for their services and I doesn't have the funds to employ their services.

(B) I have filed several grievances pertaining to these unreasonable restrictions stated in my motion and Affidavit and they have not did anything to address these violations.

WHEREFORE, the plaintiff prays that this Court will accommodate him in this Matter and grant his request.

Bobby Lee Harrison
Affiants Signature

(Note) The Mail clerk would not give me a copy of the returned envelope.

Notarized under and by 735 ILCS 5/1-109 under penalty of perjury
SUBSCRIBED AND SWORN BEFORE ME
THIS 21th DAY OF July 2008

Bobby Lee Harrison
Signature

TOMAS DART
26 & California Ave
Cook County Jail
Chicago, Illinois

June 7, 2008

Bobby Lee Harrison
20040072892
Div 10 1-A
P.O. Box 089002
Chicago, Illinois 60608.

A

Dear Thomas. DART,

or to whomever this letter may concern. I Bobby LEE Harrison, is writing this letter pertaining to ARAMARK Commisary for not providing ink pens on their Commisary.
However, for the last passed six weeks there has not been any ink pens available for purchase which states as being restricted. There isn't any notice posted informing us of any temeorary accomodations. I am a civil & prose litigant and without this important element will results in being denied access to the Courts. Please prompt response from the Administration is anticipated by the detainee's here in the Dept of Corrections.

Respectfully submitted on this 7th day of June 2008    Bobby Lee Harrison
                                                        Signature

Part-A / Control #: ___X___

B

Referred To: _____

☐ Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

*Bobby Lee Harrison 20040012892*

Detainee Last Name: **GROUP GRIEVANCE** First Name: **GROUP GRIEVANCE**

ID #: —  —  — Div.: **10** Living Unit: **1-A** Date: **6/15/08**

BRIEF SUMMARY OF THE COMPLAINT: "THROUGHOUT THE MONTH OF MAY, AND BEGINNING AT THE VERY END OF APRIL, EVEN UP UNTIL THIS PRESENT DAY OF JUNE 15, 2008" THE COMMISSARY (ARAMARK) HAS NOT BEEN ALLOWING THE DETAINEES TO PURCHASE PENS FOR WRITING PURPOSES, EACH TIME WE INITIALLY MARK OUR COMMISSARY ORDER SHEETS FOR US TO RECEIVE (INK PENS) ON EACH OCCASION ARAMARK HAVE DISPLAYED THE LETTER (R) MEANING, IN AN OBVIOUS SENSE THAT THE PARTICULAR ITEM HAS BEEN RESTRICTED. "SEVERAL TIMES WE HAVE SPOKEN TO DIFFERENT OFFICIALS. FURTHERMORE WE MADE AN ATTEMPT TO SPEAK TO SOMEONE OF HIGHER AUTHORITY, SO THAT OUR ANTICIPATION TO HAVE THE SITUATION RESOLVED WOULD BE ADDRESSED AS SOON AS POSSIBLE. THE FIRST ATTENDING OFFICIAL INFORMED WAS THE SUPERINTENDENT OF (DIVISION 10) ALONG WITH CHEIF "PLAXICO." ON BEHALF OF THE COMPLAINT THE SUPERINTENDENTS RESPONSE HE GAV MENTIONED THAT HIS ATTEMPT TO RESOLVE THE COMPLAINT, OR TO FIND OUT ABOUT THE DISTRIBUTION OF INK PENS THAT DETAINEES ORDER OFF THE COMMISSARY, HAS SINCE REMAINED FUTILE" HE MENTIONED THAT THEIR RESPONSE WAS SUDDEN, BECAUSE THEY CLAIMED THAT THEY WERE NOT POSTING RESTRICTIONS ON INK PENS... THERE HAS BEEN NO WORD YET, NOR ANY BULLETINS POSTED FOR OBSERVATION. BY MAKING US AWARE THAT THE ISSUE IS, OR HAS BEEN ADDRESSED; SINCE IT WAS BRUNG TO THE ATTENTION OF PLAXICO, THE SUPERINTENDENT, AND OTHER LAITY WITHIN THE ADMINISTRATION. DETAINEES HAVE BEEN SORELY HINDERED FROM COMPLETING PERSONAL, AND ALSO LEGAL RESPONSIBILITIES. WE CANT SEEM TO UNDERSTAND HOW SOMETHING SO SIGNIFICANT, AS AN INSTRUMENT TO ASSIST PRACTICALLY ANYONE WITH CREATIVE SERVICE, HAVE GONE UNNOTICED FOR THE PERIOD OF TIME IT HAS PROGRESSE

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING: "Detainees ARE REQUESTING IMMEDIATE ACTION IN THIS MATTE

DETAINEE SIGNATURE: *Group Signatures*

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: ___/___/___

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

PICK TICKET

Facility: COOK COUNTY JAIL
Shipped: 06/11/2008 10:23
Order#: 1948050
Loc: DIV 10
      BL/BU 01
      T/D A
      C/B 23
Name: HARRISON, BOBBIE
Number: 20040072892

C-1

## 20 Items

| QTY | PLU | Item | Sub | Tax | R |
|---|---|---|---|---|---|
| 1 | 8005 | ATMIC FIRE BALLS | 0.97 | 0.00 | |
| 2 | 1031 | SOAP - JERGENS | 1.80 | 0.00 | |
| 1 | 8001 | BTRSCTCH BUTTONS | 0.97 | 0.00 | |
| 10 | 9011 | PB COOKIE | 6.00 | 0.00 | |
| 3 | 3050 | CHIPS - REG | 2.34 | 0.00 | |
| 1 | 7004 | OATMEAL SANDWICH | 1.65 | 0.00 | |
| 0 | 1026 | CRM SHAVE DEPIL | 0.00 | 0.00 | N |
| 0 | 6003 | PEN-PLSTC | 0.00 | 0.00 | R |
| 1 | 3063 | BACONETTES | 0.78 | 0.00 | |
| 1 | 7003 | PEANUT BTR BARS | 1.65 | 0.00 | |

20 Items Total

Partial Order Key:
(R)-Restricted Item (N)-Inmate Out of Funds
Subtotal: $    16.16
     Tax: $     0.00
   Total: $    16.16
 Balance: $     0.12

INMATE COPY

PICK TICKET

Facility: COOK COUNTY JAIL
Shipped: 06/04/2008 10:47
Order#: 1941414
   Loc: DIV 10
        BL/BU 01
        T/D A
        C/B 23
  Name: HARRISON, BOBBIE
Number: 20040072892

C-2

# 43 Items

| QTY | PLU | Item | Sub | Tax | R |
|---|---|---|---|---|---|
| 1 | 8002 | JOLLY RNCHR-ASST | 0.97 | 0.00 | |
| 1 | 9201 | STAMPS | 4.10 | 0.00 | |
| 1 | 6015 | DETERGENT | 0.60 | 0.00 | |
| 1 | 8005 | ATMIC FIRE BALLS | 0.97 | 0.00 | |
| 2 | 1031 | SOAP - JERGENS | 1.80 | 0.00 | |
| 2 | 8008 | BABY RUTH | 1.60 | 0.00 | |
| 1 | 1019 | BABY POWDER | 1.70 | 0.00 | |
| 2 | 7009 | HONEY BUNS | 2.00 | 0.00 | |
| 2 | 8001 | BTRSCTCH BUTTONS | 1.94 | 0.00 | |
| 1 | 1051 | SHOWER CAP | 0.27 | 0.00 | |
| 3 | 3050 | CHIPS - REG | 2.34 | 0.00 | |
| 2 | 7004 | OATMEAL SANDWICH | 3.30 | 0.00 | |
| 1 | 5005 | SUGAR SUBSTITUTE | 0.17 | 0.00 | |
| 1 | 5010 | ORANGE BKFST DR | 1.40 | 0.00 | |
| 1 | 7120 | STRAWBRY JELLY | 2.20 | 0.00 | |
| 0 | 6002 | PEN-PLSTC | 0.00 | 0.00 | R |
| 1 | 1034 | MOUTHWSH-MINT | 1.50 | 0.00 | |
| 1 | 3063 | BACONETTES | 0.78 | 0.00 | |
| 2 | 7003 | PEANUT BTR BARS | 3.30 | 0.00 | |
| 4 | 5003 | SUGAR | 1.60 | 0.00 | |
| 1 | 5001 | COFFEE - DECAF | 2.75 | 0.00 | |
| 3 | 3060 | CHEETOS - HOT | 2.34 | 0.00 | |
| 4 | 7118 | PNUT BTR-SINGLE | 1.72 | 0.00 | |
| 1 | 5019 | TEA | 2.50 | 0.00 | |
| 4 | 3021 | SUNFLOWER KERNALS | 2.40 | 0.00 | |

43 Items Total

Partial Order Key:
(R)-Restricted Item
   Subtotal: $     44.25
        Tax: $      0.00
      Total: $     44.25
    Balance: $     25.76

INMATE COPY

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT, ILLINOIS

Bobby Lee Harrison )
Plaintiff )
v. )  Case No : 08C 0920
County of Cook, Illinois, et al. )
) The Honorable Judge Matthew F. Kennelly
Defendants )

PROOF/CERTIFICATE OF SERVICE

To: United States District Court
Office : U.S. Dist. Court Clerk
219 S. Dearborn Street
Chicago IL. 60604

To: Cook County States Attorney
500 Richard J. Daley Center
Chicago IL. 60602

I, Bobby Lee Harrison, swear under penalty of perjury that I served a copy of the attached document on : U.S. District Court Clerk and Assistant States Attorney _____. By placing it in the mail at the Cook County Jail/Corrections on July 21th, 2008.

Bobby Lee Harrison
Signature Of Plaintiff

Bobby Lee Harrison
P.O. Box 089002
Cook County Corrections
Chicago IL. 60608

Notarized under and by 735 ILCS 5/1-109 under penalty of perjury this 21th day of July 2008

Order Form (01/2005)

Case 1:08-cv-00920  Document 15  Filed 06/17/2008  Page 1 of 4

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0920 | **DATE** | June 17, 2008 |
| **CASE TITLE** | Bobby Lee Harrison (#2004-0072892) vs. County of Cook, Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety. Plaintiff's motion for appointment of counsel [#4] is denied at this time.

■ [For further details see text below.]                                Docketing to mail notices.

## STATEMENT

   Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County and jail officials, have violated Plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, Plaintiff alleges illegal lockdowns, inadequate heating and ventilation, improper lighting, pest infestation, an unsanitary environment, incessant noise, inconsistent distribution of prescribed medications, a lack of hot water, denial of laundry services, exposure to second-hand smoke, and insufficient outdoor exercise, among other living conditions at the jail he finds intolerable.

   Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments **(CONTINUED)**

|  | mjm |
|---|---|

**STATEMENT (continued)**

collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file does not satisfy basic pleading requirements. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's rambling, single-spaced, 25-page complaint is far too prolix to meet the "short and plain" requirement.

Plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint need not and should not list every aspect Plaintiff does not like about jail; rather, the amended complaint should limit itself to alleged violations of Plaintiff's constitutional rights.

In addition, the amended complaint must set forth only deprivations that Plaintiff has himself personally experienced. Alleged wrongs against other detainees that Plaintiff may have witnessed or heard about are irrelevant to this case. Plaintiff, an incarcerated non-lawyer, may not represent fellow detainees. *See, e.g., Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam).

It also appears that Plaintiff has misjoined claims regarding two different jail divisions. Although Plaintiff seems to be challenging the totality of the conditions of his confinement at the jail, his diffuse allegations about two different cellhouses would presumably implicate largely distinct groups of Defendants. Plaintiff must therefore file separate actions relating to his treatment in different jailhouses. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For the foregoing reasons, Plaintiff is granted thirty days in which to submit an amended complaint that is limited to: (1) matters of constitutional magnitude; (2) Plaintiff's own, personal claims and not those of other inmates; and (3) incidents that involve a core nucleus of facts in connection with a single jail division. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint. If Plaintiff cannot fit his claims into the space provided on the Court's amended complaint form, he must file a motion for leave to incorporate additional pages explaining why additional pages are necessary.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.
**(CONTINUED)**

| STATEMENT |
|---|

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, a frequent litigator, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motions for appointment of counsel are denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Finally, Plaintiff's motion for class certification is denied at this time. Under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. The burden is on the party seeking class certification to establish each of these elements. *See, e.g., Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

At this stage of the proceedings, without a clearer understanding of Plaintiff's basic claims, the Court cannot determine whether class certification is appropriate, or whether Plaintiff's claims are encompassed by *Duran v. Brown*, Case No. 74 C 2949 (N.D. Ill.), a class action by pretrial detainees at the Cook County Jail already pending before Judge Kendall of this district.

**(CONTINUED)**