UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



BOBBY LEE HARRISON

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

COUNTY OF COOK, ILLINOIS, and
THOMAS DART,
SALVADOR GODINEZ,
CHESTER PLAXICO

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

RECEIVED
SEP 2 2008
SEP 2, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No: 08C 0920
(To be supplied by the Clerk of this Court)

JUDGE: KENNELLY

FIRST AMENDED COMPLAINT

CHECK ONE ONLY:

✓  COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

___  COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code (federal defendants)

___  OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I.  **Plaintiff(s):**

   A. Name: BOBBY LEE HARRISON

   B. List all aliases: ACE

   C. Prisoner identification number: 2004-0072892

   D. Place of present confinement: COOK COUNTY DEPARTMENT OF CORRECTION

   E. Address: 2600 S. CALIFORNIA AVENUE, CHICAGO, ILLINOIS 60608.

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: COUNTY OF COOK, ILLINOIS ("COOK COUNTY"), and Thomas Dart,

   Title: in his official capacity as the Sheriff of Cook County

   Place of Employment: Cook County Department of Corrections

   B. Defendant: Salvador Godinez, in his individual and official capacities as

   Title: Executive Director of the Cook County Department of Corrections

   Place of Employment: Cook County Department of Corrections

   C. Defendant: Chester Plaxico, in his individual and official capacities as

   Title: Superintendent of the Divison Ten (10)

   Place of Employment: Cook County Department of Corrections

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: BOBBY LEE HARRISON HORAN & HORAN Interprise 06C4730

B. Approximate date of filing lawsuit: August 31, 2006

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Acc first & only Bobby Lee Harrison

D. List all defendants: HORAN & HORAN

E. Court in which the Lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF Illinois

F. Name of judge to whom case was assigned DER-YEGHAYAN

G. Basic claim made _____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): This Case was dismissed, and was not appeal, due to being incarcerated

I. Approximate date of disposition: _____

A. Name of case and docket number BOBBY LEE HARRISON V. COUNTY OF COOK, Illinois, and THOMAS DART, Case # 07C 0300

B. Approximate date of filing lawsuit: January 17, 2007

C. List all plaintiffs (if you had co-plaintiff) including any aliases: Acc

D. List all defendants: COUNTY OF COOK, Illinois, and THOMAS DART

E. Court in which the Lawsuit was filed (if federal court, name the district; if state county, name the county): UNITED STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF Illinois

F. ▓▓▓▓▓▓▓ Name of judge to whom case was assigned: The Honorable Judge MATTHEW F. KENNELLY

G. Basic claim made _____

H. Disposition of this case (for example: was the case dismissed? was it appealed? Is it still pending?) (Pending)

I. Approximate date of disposition: _____

1. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

   A. Name of case and docket number: Bobby Lee Harrison, V. County of Cook, Illinois, Tonomas Dart. Case #. 08C 2140

   B. Approximate date of filing lawsuit: _____

   C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Ace

   D. List all defendants: County of Cook, Illinois Thomas, Salvador Godinez, ~~Salvador Godinez~~ Alexander, L. Hopper, Carmella K. Richardson, Maretta C. Lake, and Ms. Jones.

   E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the County): _____

   F. Name of judge to whom case was assigned: Honorable Judge: Matthew F. Kennelly.

   G. Basic claim made: _____

   H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

   I. Approximate date of disposition: _____

   A. Name of case and docket number: Bobby Lee Harrison, V. County of Cook, Illinois,

   B. Approximate date of filing lawsuit: _____

   C. List all plaintiffs (if you had co-plaintiff), including any aliases: Ace County of Cook, Illinois & Thomas Dart, Salvador Godinez, Scott Kurtovich

   D. List all defendants: County of Cook, Illinois & Thomas Dart, Salvador Godinez, Scott Kurtovich, Nelson Villanueva, D. Andrews, and Sgt. Taylor.

   E. Court in which the lawsuit was filed (if federal court, name the district; if state County name the county): _____

   F. ████████████████████████████████████████.

   Name of judge to whom case was assigned: _____

   G. Basic claim made: _____

   H. Disposition of this case (for example: was the case dismissed? was it appealed? Is it still pending?): _____

   I. Approximate date of disposition: _____

   I couldn't find the other 2 cases no.

### Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved including names, date, and. Do not give any legal argument or cite any cases or stat-utes. If you intend to allege number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary)

(1) "I've suffered from a mental illness my entire life." My inability has since warranted a state of depression, and has led to extreme emotional anxieties and chronic mood swings, and also feelings of depression that has prompted a lack of concentration & anti-social behavior. This has been apparent even since my birth. I have a history of learning disabilities, which does inable me to function as well as normal people... "While living in FRANKLIN GEORGIA, I was attending Mary Johnson High School. They later changed name to Herd County Elementary. By attendance, was placed in a special education setting among other special ed. students. I was diagnosed with a mental competence deficiency. In month of January 2005, Cermak Health Services provided me with a routine "Physician's Psychiatrist" who evaluated me and had discovered that such conditions does exist, & in his findings had further determined they were indeed chronic. The medications prescribed were "TRASIDONE," and PROZAC. I was transferred to a medical tier and placed into cell with another patient. Tiers are presently 35 feet "per square inches in total space." Feb. 2007 by approximation, in Division (■) 1-2G Tier — the executive director Salvador Godinez placed Div-(1-9) tier, on an official lockdown the exceptions were school wavers, and tier conducive for kitchen laborers, these tiers never followed suit to staff's conduct. Supt. Villenueva's response confirms the conduct of the administrators, stately, that it was illegal, and in full consideration because we were on psychotropic meds. As a result of staff's conduct patients became disturbed, and begin to slam their → property boxes against steel bed frames and toilets, the noise, I couldn't endure caused chronic headaches & lack of sleep. I requested an evaluation for over two weeks straight. Nurse Holsworth said I might as well get use to the lock down. Insinuated that it would not be the last, nor, any relief under these circumstances. The medical staff were aware of my conditions and did nothing to address them. I had overdosed on Trasidone to iduce sleep. This prompted the risk of suicide. During each stage of added afflictions. I remained sleep for over (48) hours. I again asked Nurse Holsworth for an evaluation further efforts to obtain relief were denied.

THERE IS PRESENCE, NOT USE OF HOT WATER IN THE CELLS. THE SHOWERS ARE IN OPERATION. YET, THE TEMPERATURE IS NOT ADEQUATE. IN JULY 2007, WE WERE TRANSFERRED BACK TO DIVISION 00) AND PLACED IMMEDIATELY BACK ON LOCK DOWN. THE CELLS ARE DIRTY, PROPER CLEANING SUPPLIES WERE NOT ISSUED ON A DAILY BASIS IN ORDER TO SALVAGE UNSANITARY LIVING CONDITIONS. FLYS & INSECTS, MICE ARE OFTEN CRAWLING UPON THE CELL WALLS & BASE OF TOILET AREAS. THERE ARE NO MIRRORS INSIDE THE CELLS OR AMPLE USE OF DESK SPACE. INADEQUATE VENTILATION & LIGHTING CONDITIONS ARE ALSO IN EXCESS. PREVENTING PRO'SE LITIGANTS FROM PREPARING LEGAL DOCUMENTS & etc. DUE TO THE BURNING OF MILK CARTONS FAIRLY OFTEN, VENTILATION IS FURTHER AFFECTED; CARBON—DIOXIDE DEPOSITS too! HEADACHES, DIZZINESS etc. SHORTNESS OF BREA-TH. THE CONDITIONS CREATE FREQUENT CONGESTION & PNEUMONIA WHICH HAS LED TO CHRONIC RESPIRATORY ILLNESS. I'VE PROMPTED REQUESTS OFTEN IN ADDRESSING ISSUES TO SUPT. PLAXICO. SO MY REQUESTS WERE MERELY TRIVIAL ACCORDING TO PLAXICO. HE SAID UNLESS I HAD A CHRONIC CONDITION THAT WOULD REQUIRE SPECIAL HOUSING, I WOULD REMAIN ON ASSIGNED TIER. I WAS IMPLYING BY REQUEST TO ENSURE THAT A MEDICAL ISSUE OF THE SORT WOULD NOT REACH ITS TOLL. THEREBY, HE EVADED IN DESPAIR & DID NOT RETURN TO CONFRONT THE ISSUES. WHICH MY ALLEGATIONS SHOULD'VE BEEN TAKEN LITERALLY. I REQUESTED TO BE MOVED FROM THE INVIRONMENT THAT I WAS IN. AND TO BE PLACED IN AN AREA (TIER) THAT'S MORE CONDUCIVE FOR MY HEALTH. I'VE INCLUDED GRIEVANCES AND APPEALS AS PROOF AS A NOTICE TO BE ENTERED AS EXHIBIT (A)...

### COUNT 2ND: DENIAL OF LAUNDRY SERVICES

SINCE THE MONTH OF SEPTEMBER, 2006. IT HAS BEEN ACTUATED AS AN ABUSE OF DISCRETION WHEREBY, DENIAL OF LAUNDRY SERVICES IN TERMS ON HOW ACCOMODATIONS IN THE LITERAL SENSE THUS: LACK OF AVAILABLE DETERGENT FOR INDIGENT DETAINEES. FOR USE THAT MAY ADEQUATELY MEET HYGIENIC NEEDS. CLOTHING IS HAND WASHED INSIDE OF TOILETS. IT DEFYS LOGIC NOT TO BE AFFORDED USEFUL CLEANING SUPPLIES. ESPECIALLY WITH PERSONAL HYGIENE. WERE NOT ALLOWED TO FORM CLOTHING LINES WHICH ARE CONVIENENT FOR HANGING CLOTHING. BECAUSE ONCE THEY'RE WASHED THEY NEED TO BE HUNG IN ORDER TO INDUCE DRYING. WERE EXPOSED TO HARMFUL BACTERIA BECAUSE OF LACK IN CLEANING SUPPLIES & USING THE TOILET STOOL FOR ANY GENERAL PURPOSES. WHEN TOILETS ARE MAINLY FOR EVACUATING WASTE....FROM THE HUMAN BODY.

"I've filed numerous complaints by way of grievance, appeals and have written formal letters as strenght to my allegations. My efforts have in fact reflected an exhaustive measure. Per: with my sincere regards I've perceived that the county jail isn't a multi-purpose center. Yet hygiene & cleaning are essential, besides the available need for laundry to be addressed in it's entirety." I've entered these copies as exhibit (B.) for proof of my allegations....

## COUNT 3rd DENIAL OF OUTDOOR EXERCISE

From January 2007. through December 2007 I've only had the privelege to exercise outdoors totaling (8) times. From January 2008, through August 2008, only (7) times. Time allowed was stipulated as being within the frame of an hour. The accessible limit for our leisure activities out of the building. And for this time limit to reflect solely the hour retiring. "I contest to this abuse of discretion mainly because it doesn't make logical sense to have appropriated in terms often as staff may infer." The time in route while leaving the tier, stating that the time spent & time in route back to tier, is supposed to constitute the complete hour of recreation. Detainees adequate outdoor exercise hasn't been taken literally. Staff was thus: Remained relaxed with their responsibilities as they must justly reflect the order of the institution's policy. As they relate to proper outdoor exercise and to have exacted to allow reasonable time to do so.... Lack of sunlight & chronic back pain, due "to the neglect of normal & frequent outdoor exercise." My legs have since been cramping. I was prescribed muscle relaxers & pain medication. My general health has failed me due to the administrators not making the necessary adjustments for adequate recreational activity out of building.

## COUNT 4th IMPROPER HYGIENIC ACCESSORIES

The denial of improper linen exchanges & clothing has been founded in refute by administrators. I've exacted in terms for obtaining relief. Yet, my attempts have remained sorted out through several amounts of paper work, & a stage for mental gymnastics. As the stress from staff's lack of appropriately giving notice to my complaints has wounded my conscience. I've filed grievances on each issue & have followed through with the process for appeals. All are postdated in writing, as far back as the year 2006... We are only allowed a change of uniforms on occasion, including linen, and towels: around four to seven weeks apart. We have no access to machines, or appliances for us to wash clothing items. Per: t-shirts, underwear, etc. It's clearly no reliable justification for the delays. Despite all the grievances, and appeals that have been written, I've not yet received an adequate response. The blind dagger within the justice system is yet rampant in the county jail. And has now wounded the minority at large. For example on (9-25-2007) the superintendent Chester Plaxico's response states: Be advised, that clothing exchanges are conducted on a weekly basis. However, a towel shortage & damaged sheets has accumulated. An evident cause for lack of frequent linen exchanges etc. This information whether the staff can support its statements or not, does not in any way excuse them from such conduct. The tendencies to evade the criteria for proper hygiene. Thus: The elements in support of proper hygienic needs and functions, are bed linen, and a change of clothing on a weekly basis. Dirty linen causes sores to form on my body. & allergic reactions & rashes...

# CLAIM FOR RELIEF

## COUNTS 1-2 & 3 EXHIBITS & H

### DUE-PROCESS CLAIM AGAINST COOK COUNTY JAIL UNDER 42-U.S.C. #1983

Claim for intentional affliction of emotional distress due to unconstitutional lock down, deprivation against Cook County & the Sheriff in their official capacity.

Salvador Godinez, and Chester Plaxico in their individual & official capacity. As Executive Director and Superintendent of the Cook County Dept. of Corrections.

(1.) The Plantiff repents from any over statement that is not an agency to his allegations. And re-alleges allegations being (1-2-3).

(2.) The illegal lockdown and unsanitary living conditions denial of outdoor exercise & laundry services.... These are to be noted as objectively serious deprivations. Plantiff's mental illnesses and his physical injuries have been all diagnosed by (CHS) physicians and the dispensary physicians as mandating required immediate medical attention.

(3.) Defendants are aware of the plantiff's health & jail conditions but have deliberately disregarded, and ignored, the excessive risk & endangerment.

(4.) The Cook County Jail has failed to institute constitutionally adequate procedures to ensure that detainees living conditions, evaluations & exercise etc. laundry services are not provided. Cook County has deliberately and systematically revealed indifference, and failed to act upon evidence of plantiffs allegations. & has failed thus; to follow through with requests for physicians of (CHS) providers despite the Cook County staff and the grievance's appeals etc. board response.

(5.) This widespread practice, policy, or custom constitutes deliberate indifference to the plantiff's condition & needs of (C.C.D.O.C.) detainees. And falls below the constitutional minimum for due process to be of guaranteed results, for detainees by the attention given to the United States Constitution.

(6.) The Sheriff also has failed to institute adequate clothing exchanges to prevent hazardous health. A direct & proximate result of defendants deliberate indifference to my hygeinic needs and general health I suffered severe and extreme emotional distress defendants are in violation of the 14th Amendment of the U.S. Constitution.

STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENTS. CITE NO CASE, OR STATUTES:

## A PRAYER FOR RELIEF

WHEREFORE: PLANTIFF RESPECTFULLY PRAYS THAT THIS COURT,

(1.) TO ISSUE A PRELIMINARY INJUNCTION REQUIRING THE COUNTY OF COOK, THOSE IN QUESTION BEING WITHIN THE STATE OF ILLINOIS ARE THOMAS J. DART IN HIS OFFICIAL CAPACITY AS SHERIFF OF COOK COUNTY DEPT. OF CORRECTIONS, ALONG WITH SALVADOR GODINEZ IN HIS INDIVIDUAL AND OFFICIAL CAPACITY DEEMED AS THE EXECUTIVE DIRECTOR OF THE COOK COUNTY JAIL, ALONG WITH CHESTER PLAXICO IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, ACTING AS THE SUPERINTENDENT OF DIV-(10) OF THE COOK COUNTY DEPT OF CORRECTIONS. TO ORDER THESE DEFENDANTS TO TAKE THE MEDICAL PSYCHIATRIC PATIENTS OFF THE ILLEGAL LOCKDOWN IN DIVISION (10) AND TO ORDER WHATEVER MEDICINE, AND PSYCHIATRIC, OR PSYCHOLOGICAL TREATMENT NEEDED. AND TO ADDRESS PATIENTS HYGIENIC NEEDS, AND TO MAKE ALL THE NECESSARY ADJUSTMENTS NEEDED AS WELL. AND THAT THERE BE STANDARDS JUSTLY APPROPRIATED TO IMPLOY SAFE LIVING CONDITIONS. THOSE THAT DO NOT REFLECT A LACKING IN CREDIBILITY, IN TERMS OF SOLIDIFYING ALL AVAILABLE MEANS. OF WHICH, WOULD MEET THE CONSTITUTIONAL MINIMUM REQUIREMENT FOR PSYCHIATRIC PATIENTS.

(2.) TO APPOINT A LAWYER TO REPRESENT HIM IN THIS CIVIL RIGHTS CASE AND FOR ALL COURT COSTS, AND ASSESSMENT OF ATTORNEY FEES BE RENDERED IN SUPPORT OF PLANTIFF.

(3.) TRIAL BY JURY, AND FOR RELIEF IN COMPENSATORY, NOMINAL, & PUNITIVE DAMAGES AVAILABLE AND BEING PROPER UNDER THESE CIRCUMSTANCES. BEGINNING WITH THE AMOUNT OF 600,000 DOLLARS PLANTIFF DEEMS THIS TO BE A CONSIDERABLE AMOUNT. DEFENDANTS ALSO SHOULD BE HELD LIABLE FOR PLANTIFFS EMOTIONAL AND PSYCHOLOGICAL ABUSE SUFFERED, & PHYSICAL INJURIES IN LIGHT OF CLOSURE FROM INJUNCTIVE RELIEF. PLANTIFFS INJURIES THUS: REFLECT TERMINAL POSSIBILITY. AND FOR DEFENDANTS IN QUESTION TO SUFFER SUIT IN INDIVIDUAL CAPACITIES NOW, TO BE EXACTED BY PENALTY NOW, JOINTLY & SEVERELY.

## EXHAUSTED ALL REMEDIES ON ISSUES

PLANTIFF HAVE EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES REGARDING SUCH MATTERS AS THEY NOW REFLECT EXPECTED RELIEF DESCRIBED IN COMPLAINT. IVE WRITTEN APPROXIMATELY 80-LETTERS TO VARIOUS ORGANIZATIONS, AND RANDOMLY SELECTED AGENCIES, AND HAVE SINCE OUTLINED THE DILIBERATE CONDUCT THAT HAS PREVIOUSLY BEEN ACTUATED BY OFFICIALS WHO ARE IN QUESTION TO AFORESAID ALLEGATIONS. DEPRIVATIONS IVE SUFFERED FOR THE PASS TWO YEARS 2. IVE FILED NUMEROUS GRIEVANCES & APPEALS PERTAINING TOO OF CAUSE IN EXCESS. TO BE ENTERED AS EXIBIT(A.)-B. C. AND D. EXIBITS ARE ATTACHED.

## CERTIFICATION

BY SIGNING THIS COMPLAINT I AM DULY SWORN, AND ATTEST TO THE FACTS STIPULATED IN THIS COMPLAINT BEING TRUE AND TO THE BEST OF MY KNOWLEDGE. THUS ON INFORMATION AND BELIEF. I UNDERSTAND THAT IF THIS CERTIFICATION IS NOT PRECISE I MAY BE SUBJECT TO SANCTIONS THROUGH THE COURT.

COOK COUNTY DEPARTMENT OF CORRECTIONS
P.O. BOX 089002
CHICAGO ILLINOIS - 60608
ADDRESS OF PLANTIFF

SIGNED THIS 25TH DAY OF AUG. 2008
*Bobby Lee Harrison*
SIG. OF PLANTIFF

Bobby LEE Harrison. ID#: 2004 007 2892